David W. Kesselman (SBN 203838)
*Kesselman@glwllp.com*
Amy T. Brantly (SBN 210893)
*Brantly@glwllp.com*
Trevor V. Stockinger (SBN 226359)
*Stockinger@glwllp.com*
Koral E. Fusselman (SBN 287744)
*Fusselman@glwllp.com*
GOLDBERG, LOWENSTEIN &
WEATHERWAX LLP
11400 W. Olympic Blvd., Suite 400
Los Angeles, CA 90064
Telephone: (310) 307-4500
Facsimile: (310) 307-4509

*Attorneys for Plaintiff*
**THE AMERICAN INSTITUTE OF
INTRADERMAL COSMETICS, INC.,
dba PREMIER PRODUCTS and
PREMIER PIGMENTS**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE AMERICAN INSTITUTE OF INTRADERMAL COSMETICS, INC., dba PREMIER PRODUCTS and PREMIER PIGMENTS, <br><br> Plaintiff, <br><br> v. <br><br> THE SOCIETY OF PERMANENT COSMETIC PROFESSIONALS, et al., <br><br> Defendants. | CASE NO. 2:12-CV-06887 GAF (JCx) <br><br> *Assigned to the Honorable Gary A. Feess* <br><br> **AMENDED STIPULATED PROTECTIVE ORDER** <br><br><br> Complaint filed:  August 9, 2012 <br> Trial Date: February 17, 2015 |

1    In order to protect the confidentiality of certain information produced in this

2    action and to facilitate prompt resolution of disputes over confidentiality, Plaintiff,

3    The American Institute of Intradermal Cosmetics, d/b/a Premier Products and

4    Premier Pigments, and Defendants, the Society of Permanent Cosmetics

5    Professionals, Face & Body Professionals, Inc., Program Coordinators, LLC,

6    Lasting Impressions I, Inc., LeMor Micropigmentation Institute, Derma

7    International LLC, Wakeup With Makeup LLC, Kathleen Ciampi, Rose Ann

8    Cloud, Elizabeth Finch-Howell, Marjorie Grimm, Liza Sims, and Yolanda Moore,

9    hereby agree to the following:

10   A.    DEFINITIONS.

11          "Party" or "Parties" means Plaintiff or any Defendant in this action.

12   Corporate entities shall have the right to designate one corporate officer as the

13   person able to review Confidential Discovery Material.  The chosen corporate

14   officer shall be disclosed to all other Parties in advance of disclosure.

15          "Discovery Material" means all information (including, among other things,

16   electronically-stored information ("ESI"), testimony, and transcripts), regardless

17   of the manner generated, stored, or maintained, that is produced in, or created for

18   the purpose of, disclosures or responses to discovery requests served in this action.

19          "Confidential" means any Discovery Material furnished by a Party or non-

20   party in conjunction with this action that contains or is derived from trade secret,

21   proprietary, or other confidential research, development, or commercial

22   information, including formulas, patterns, compilations, programs, devices,

23   methods, techniques, or processes, that: (1) derive independent economic value,

24   actual or potential, from not being generally known to the public or to other

25   persons who can obtain economic value from its disclosure or use; and (2) are

26   the subject of efforts that are reasonable under the circumstances to maintain

27   their secrecy.  Such Discovery Material subject to this protective order shall

28   include, but is not limited to confidential and/or competitively-sensitive

1  information concerning pigment formulas, research and development
2  information related to new products, license agreements or negotiations,
3  financial information or projections, tax returns, board of directors and
4  membership meeting minutes, actual or prospective customer lists, surveys,
5  questionnaires, membership lists and directories, training program materials,
6  examinations and examination materials, members-only website content, pricing
7  and sales information, production methods and costs, supplier information,
8  market research, future business plans and strategies, and marketing plans and
9  strategies.

10      "Outside Attorneys' Eyes Only" means any Discovery Material furnished
11  by a Party or non-party in conjunction with this action that not only meets the
12  requirements for Confidential Discovery Materials but, in the good faith view of
13  the producing party, contains such competitively sensitive information that only
14  an outside attorney for the other parties to the litigation should be allowed to
15  view the materials.  All Parties and third parties understand that the Outside
16  Attorneys Eyes' Only designation should be used extremely sparingly and only
17  where the competitively sensitive information is so recent and therefore critical
18  to the core functioning of the producing party that allowing another party to the
19  litigation to view the materials would be competitively harmful on a going-
20  forward basis.  The default shall be that materials produced in this litigation shall
21  be, at most, designated as Confidential.

22      "Producing Party" means a Party or non-party that produces Discovery
23  Material in this action.

24      "Designating Party" means a Party or non-party that designates Discovery
25  Material as "Confidential."

26      "Receiving Party" means a Party or non-party that receives Discovery
27  Material from a Producing Party in this action.

28      "Counsel" means attorneys, paralegals, and their litigation support

1  personnel who are retained to represent a Party in this action and whose firms

2  have executed this Order.

3        "Expert" means a person who has specialized knowledge or experience in

4  a matter pertinent to this action, including his or her employees and support

5  personnel (including firms and their employees whose normal business includes

6  the provision of support services to expert witnesses), who has been retained by

7  a Party or its Counsel to serve as an expert witness, or as a consultant, including

8  without limitation a professional jury or trial consultant retained in connection

9  with this action.

10  B.    <u>PERSONS TO WHICH THIS ORDER APPLIES.</u>

11        This Order binds each Party, its Counsel, employees, divisions, parents,

12  subsidiaries, successors, assigns, and any other person or organization over which

13  a Party has control.  This Order also binds any non-party to whom Protected

14  Information is produced or disclosed in the course of this action if such non-party

15  agrees in writing to be bound by this Order.

16  C.    <u>DESIGNATING MATERIAL AS CONFIDENTIAL OR OUTSIDE</u>

17       <u>ATTORNEYS' EYES ONLY.</u>

18        A Producing Party may designate Discovery Material as "Confidential" or

19  "Outside Attorneys' Eyes Only" as provided in this Order when the Producing

20  Party believes in good faith, after a reasonable review, that the Discovery Material

21  meets the definition of "Confidential" or "Outside Attorneys' Eyes Only" as set

22  forth in Section A of this Order.  If a Producing Party designates Discovery

23  Material as "Confidential" or "Outside Attorneys' Eyes Only" the protections of

24  this Order cover not only the Confidential Discovery Material itself, but also any

25  information copied or extracted from it, as well as copies, excerpts, summaries, or

26  compilations thereof and testimony in deposition that might disclose the

27  Confidential Discovery Material.

28

1   <u>Manner of Designation.</u>  A Party shall designate Discovery Materials
2   as "Confidential" or "Outside Attorneys' Eyes Only" in the following
3   manner:
4         For produced documents, the Producing Party shall affix the
5   label "Confidential" or "Outside Attorneys' Eyes Only" in a
6   conspicuous size and location on each page that contains Confidential
7   Discovery Material.
8         For written discovery responses, the Producing Party shall
9   affix the label "Confidential" or "Outside Attorneys' Eyes Only" in
10   conspicuous size next to or above any response.
11         For testimony given in a deposition, all such testimony shall
12   initially be deemed "Confidential."  The Party or non-party who
13   wishes to designate deposition testimony as "Confidential" or, in
14   very limited circumstances as set forth herein, "Outside Attorneys'
15   Eyes Only," shall have thirty (30) days after the court reporter issues
16   the final transcript of the deposition to identify the specific portions
17   of the testimony for which protection is sought and to specify those
18   portions in writing, by page and line number.  Only those portions of
19   testimony designated in accordance with this section shall remain
20   covered by this Order.
21         If Discovery Material is produced in a form rendering it
22   impractical to label (*i.e.*, ESI produced in native format or on
23   electronic or magnetic media) ("Computerized Material"), the
24   Producing Party may designate such material consistent with this
25   Protective Order by affixing to such media a label containing the
26   "Confidential" or "Outside Attorneys' Eyes Only" designation and, if
27   applicable, by providing the "Confidential" or "Outside Attorneys'
28   Eyes Only" designation as a field within the related load file.

Whenever a Receiving Party reduces ESI designated under this Protective Order as "Confidential" or "Outside Attorneys' Eyes Only" to hard-copy form, the Receiving Party shall mark such hard-copy with the appropriate designation.  Whenever any Computerized Material designated as "Confidential" or "Outside Attorneys' Eyes Only" is copied into another form, the Receiving Party shall also mark those forms with the "Confidential" or "Outside Attorneys'' Eyes Only" designation.

Timing of Designation.  Except as otherwise provided in this Order, Discovery Material must be designated for protection under this Order before the Discovery Material is disclosed or produced.

Inadvertent Failure to Designate.  Inadvertent production of Discovery Material without the "Confidential" or "Outside Attorneys' Eyes Only" label affixed thereto will not be deemed to waive the Producing Party's right to designate the Discovery Material at a later date.  If a Producing Party produces Discovery Material without the "Confidential" or "Outside Attorneys' Eyes Only" label affixed thereto and later decides to designate the Discovery Material as "Confidential" or "Outside Attorneys' Eyes Only," the Producing Party must, within twenty days (20) days after producing the Discovery Material, provide at its own expense substitute Discovery Material bearing the "Confidential" or "Outside Attorneys' Eyes Only" designation.  Upon receipt of the substituted Discovery Material, each Receiving Party must return or destroy all copies of the undesignated Discovery Material and confirm, in a letter to Counsel for the Producing Party, that it has done so, except when the undesignated Discovery Material has already been submitted to the Court or introduced at a hearing or deposition.

D.    INADVERTENT PRODUCTION.

Inadvertent production of Discovery Material that a Producing Party later claims should have been withheld based on a privilege or the work product doctrine ("Inadvertently Produced Privileged Document") will not be deemed to waive any privilege or work product protection.  The Producing Party may request the return of any document ("Notice of Recall") that it inadvertently produced by identifying the Inadvertently Produced Privileged Document and stating the basis for withholding such document from production within ten (10) days of discovery of the inadvertent production.  The procedure for handling Inadvertently Produced Privileged Documents shall be as follows:

Upon receipt of the Notice of Recall, the Receiving Party must, within ten (10) days, either: (1) return or destroy the Inadvertently Produced Privileged Document and refrain from reviewing it for any purpose, or, (2) if the Inadvertently Produced Privileged Document has already been reviewed and the Receiving Party has a good faith basis to challenge the validity of the privilege claim, inform the Producing Party in writing that the Receiving Party intends to challenge the privilege claim.  If the privilege claim is challenged, Counsel for the Receiving Party may maintain copies of the recalled documents and any related work product only for the purposes of challenging the claim of privilege by motion and may retain those copies pending the resolution of any dispute as to the Inadvertently Produced Document.

Within ten (10) days of advising the Producing Party that the Receiving Party intends to challenge a privilege claim, the Receiving Party shall request a meet and confer in writing and in accordance with Local Rule 37-1 to discuss the appropriateness of the challenged privilege claim.  If the Receiving Party does not request a meet and

confer within this time, it waives any right to challenge the privilege claim and must certify in writing that the Inadvertently Produced Privileged Document was destroyed, deleted, and removed from any work product.

If the Receiving Party requests a meet and confer to discuss the challenged privilege claim, the Parties shall meet and confer in accordance with Local Rule 37-1.

If, after a meet and confer, the Receiving Party concludes that it disputes the validity of the Producing Party's privilege claim, the Receiving Party shall notify the Producing Party in writing within ten (10) days. The Parties shall then file a Joint Stipulation in accordance with Local Rule 37-2 and may attach the recalled document as an Exhibit to such stipulation for in camera review. This Order shall not be construed to affect which Party bears the burden of showing that a privilege applies to any Inadvertently Produced Privileged Document. If the Receiving Party does not notify the Producing Party that it disputes the validity of the Producing Party's privilege claim within ten (10) days after the meet and confer, the Receiving Party must certify in writing that the Inadvertently Produced Privileged Document was destroyed, deleted, and removed from any work product.

Unless the Receiving Party's motion to compel is successful or the challenged privilege claim is withdrawn, the Receiving Party may not use any recalled document for any purpose other than challenging the privilege claims.

If a Receiving Party reasonably believes in good faith that a Producing Party has inadvertently produced privileged Discovery Material, the Receiving Party will notify the Producing Party of

1    such inadvertent production within ten (10) days of the Receiving

2    Party's discovery of such inadvertent production.

3  E.    ACCESS TO, AND DISCLOSURE OF, CONFIDENTIAL AND OUTSIDE

4      ATTORNEYS' EYES ONLY DISCOVERY MATERIAL.

5      Use of Confidential and Outside Attorneys' Eyes Only Discovery Material.

6  Confidential and Outside Attorneys' Eyes Only Discovery Material shall not be

7  used, disclosed, or copied by any person for any purpose other than the

8  preparation and trial of this action and the preparation of any appellate proceeding

9  related to this action.

10    Disclosure of Confidential Discovery Material.  Unless otherwise ordered

11  by the Court or otherwise permitted in writing by each Designating Party, a

12  Receiving Party may disclose Confidential Discovery Material only to:

13      a Party;

14      Counsel for a Party;

15      any Expert who has signed the "Agreement to Be Bound by

16    Protective Order" (attached hereto as Exhibit A);

17      the Court and the Court's personnel (including court reporters),

18    and any appellate court having jurisdiction over an appeal, and the

19    appellate court's personnel;

20      any mediator hired or appointed to mediate this action, and any

21    employees of such mediator who are actively assisting the mediator

22    with the mediation;

23      any current employee, officer, or director of the Producing

24    Party;

25      any person who is identified or referenced in the Confidential

26  Discovery Material or whose conduct is purportedly identified or

27  referenced in the Confidential Discovery Material, provided that the

28  disclosure to such person is limited to the portion of the document in

which the person or the person's conduct is identified or referenced, and only as necessary for the preparation and trial of this action, and only if such witnesses and deponents are first advised that this Protective Order has been entered restricting disclosure of the Confidential Discovery Material for any purpose other than their testimony in this action;

non-party witnesses and deponents, but only as necessary for the preparation and trial of this action, and only if such witnesses and deponents are first advised that this Protective Order has been entered restricting disclosure of the Confidential Discovery Material for any purpose other than their testimony in this action and the non-party witness or deponent has signed the "Agreement to Be Bound by Protective Order" (attached hereto as Exhibit A); and

any person that the Designating Party has agreed to in writing in advance of the disclosure.

Disclosure of Outside Attorneys' Eyes Only Discovery Material.  Unless otherwise ordered by the Court or otherwise permitted in writing by each Designating Party, a Receiving Party may disclose Outside Attorneys' Eyes Only Discovery Material only to:

Counsel for a Party;

any Expert who has signed the "Agreement to Be Bound by Protective Order" (attached hereto as Exhibit A);

the Court and the Court's personnel (including court reporters), and any appellate court having jurisdiction over an appeal, and the appellate court's personnel;

1    any mediator hired or appointed to mediate this action, and any

2    employees of such mediator who are actively assisting the mediator

3    with the mediation;

4    any current employee, officer, or director of the Producing

5    Party;

6    any person who is identified or referenced in the Attorneys'

7    Eyes Only Discovery Material or whose conduct is purportedly

8    identified or referenced in the  Discovery Material, provided that the

9    disclosure to such person is limited to the portion of the document in

10   which the person or the person's conduct is identified or referenced

11   and only as necessary for the preparation and trial of this action, and

12   only if such witnesses and deponents are first advised that this

13   Protective Order has been entered restricting disclosure of the

14   Confidential Discovery Material for any purpose other than their

15   testimony in this action; and

16   any person that the Designating Party has agreed to in writing

17   in advance of the disclosure.

18   Filing Confidential and Outside Attorneys' Eyes Only Discovery

19   Material.  Any Party desiring to file with the Court, as part of a motion or

20   otherwise, Confidential and Outside Attorneys' Eyes Only Discovery

21   Material shall give to the Designating Party notice of its intent to file the

22   Confidential and Outside Attorneys' Eyes Only Discovery Material.  The

23   notice may be given by email and/or facsimile.  If the Designating Party

24   agrees in writing that the Confidential and Outside Attorneys' Eyes Only

25   Discovery Material may be filed without seal, the Party wishing to file the

26   Confidential and Outside Attorneys' Eyes Only Discovery Material may

27   proceed with filing the Confidential and Outside Attorneys' Eyes Only

28   Discovery Material in the normal manner.  Otherwise, any Confidential and

1   Outside Attorneys' Eyes Only Discovery Material shall be submitted

2   separately in a sealed envelope in accordance with Local Rule 79-5.1, as

3   well as in accordance with any pertinent orders of the assigned District

4   Judge and Magistrate Judge and any procedures adopted under the Pilot

5   Project for the Electronic Submission and Filing of Under Seal Documents.

6   Upon the sealed envelope shall prominently appear a statement

7   substantially similar to the following:

8       This envelope contains documents subject to an agreed

9       Protective Order entered by the Court concerning the use of

10      Confidential and/or Outside Attorneys' Eyes Only

11      Discovery Material in this action.  This envelope shall not

12      be opened, nor shall the contents be displayed or revealed

13      except by order of the Court.  Violation hereof may be

14      regarded as a contempt of court.

15          This Section shall not apply to the Parties' submission of exhibits for

16   use at trial, nor the handling of exhibits during trial.  If a Party intends to

17   use Confidential and/or Outside Attorneys' Eyes Only Discovery Materials

18   at trial, it shall, before use of the Confidential and/or Outside Attorneys'

19   Eyes Only Discovery Materials at trial, notify the Designating Party so that

20   it can seek relief from the Court to maintain the confidentiality of the

21   material by appropriate motion, if necessary.

22   F.   CHALLENGES TO DESIGNATION OF CONFIDENTIAL AND/ OR

23        OUTSIDE ATTORNEYS' EYES ONLY DISCOVERY MATERIAL.

24          If a Receiving Party disagrees with a Designating Party's designation of

25   Discovery Material as "Confidential" or "Outside Attorneys' Eyes Only," the

26   Receiving Party contesting the designation shall provide to the Designating Party,

27   through its Counsel, written notice of its disagreement.  Such an objection can be

28   made at any time.  The Designating Party or its Counsel shall respond to the

objection in writing within 15 days of its receipt of such written objection by either (1) agreeing to remove the designation or (2) stating reasons supporting the designation.  If the Designating Party fails to so respond within 15 days, the objecting party may subsequently treat the contested Discovery Material as non-protected.  If the objecting party and the Designating Party are unable to agree upon the proper designation for the Discovery Material at issue, the objecting party may seek resolution of the issue with the Court in accordance with the procedures set forth in Local Rule 37-1 to 37-4.  The Designating Party bears the burden of establishing confidentiality.  Pending the resolution of the disputed designation, the Discovery Material at issue shall continue to be treated in accordance with the Designating Party's designation unless and until differing treatment is directed pursuant to order of the Court or by subsequent resolution of the dispute by the Designating Party and objecting Party.

    If the Court orders that the challenged material is not properly designated, the Designating Party shall reproduce, at its own expense, copies of all materials with their designations removed or amended in accordance with the ruling within thirty (30) days or within the time set by the Court.

G.    CONFIDENTIAL OR OUTSIDE ATTORNEYS' EYES ONLY DISCOVERY MATERIAL SUBPOENAED OR ORDERED PRODUCED.

    If a Receiving Party is served with a subpoena, order, or other form of compulsory process that would compel disclosure of any Confidential and/or Outside Attorneys' Eyes Only Discovery Material, the Receiving Party must so notify the Designating Party in writing immediately, and in no event more than five (5) days after receiving the subpoena, order, or other form of compulsory process, and shall, to the extent permitted by law, withhold production until any dispute relating to the production of such Confidential and/or Outside Attorneys' Eyes Only Discovery Material is resolved.

H.   UNAUTHORIZED DISCLOSURE OF CONFIDENTIAL AND/OR
      OUTSIDE ATTORNEYS' EYES ONLY DISCOVERY MATERIAL.

If a Receiving Party learns that it has disclosed Confidential and/or Outside Attorneys' Eyes Only Discovery Material to any person or in any circumstance not authorized by this Order, the Receiving Party must immediately, and in no event more than seven (7) days from learning of such disclosure, (a) notify in writing the Producing Party and, if different, the Designating Party, of the unauthorized disclosures and all pertinent facts relating to such disclosures; (b) make every reasonable effort to prevent disclosure by each unauthorized person who received such information; (c) use its best reasonable efforts to retrieve all copies of the Protected Material; (d) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (e) request such person or persons to execute the "Agreement to Be Bound by Protective Order" attached hereto as Exhibit A.

I.   USE AND DISCLOSURE OF INDEPENDENTLY OBTAINED
      INFORMATION.

Nothing in this Order restricts a Party or a Party's agent from using or disclosing (1) the Party's own information; (2) publicly available information, or information lawfully available to the Party; or (3) information that lawfully came into the possession of the Party independent of any disclosure of Discovery Material in this action and without any corresponding confidentiality obligation.

J.   APPLICABILITY OF THIS ORDER TO MATERIAL PRODUCED BY
      THIRD PARTIES.

The terms of this Order are applicable to information produced by third parties to this action if such third party agrees in writing to be bound by this Order.  The Parties, in conducting discovery from third parties, shall attach to such discovery requests, subpoenas, or other discovery a copy of this Protective Order so as to apprise such third parties of their rights herein.

**K.     DURATION OF ORDER AND RETURN OF CONFIDENTIAL/**
**OUTSIDE ATTORNEYS' EYES ONLY DISCOVERY MATERIALS.**

This Order shall continue to be binding on every person subject to it even after entry of final judgment in this action and the disposition of any appeals. Within sixty (60) days of the final termination of this action (whether by entry of a final order of dismissal, judgment, settlement, or disposition on appeal, or otherwise), a Receiving Party shall either return or destroy all Confidential and/or Outside Attorneys' Eyes Only Discovery Materials in its possession and certify in writing to the Producing Party (and, if not the same person or entity, to the Designating Party) that the Confidential and/or Outside Attorneys' Eyes Only Discovery Materials were returned or destroyed.  Counsel may retain their attorney work product, all filed documents or pleadings and copies of any deposition transcripts and exhibits, but such retained material shall remain subject to the terms of this Order.

**L.     JURISDICTION.**

The Court retains jurisdiction to enforce the terms and conditions of this Order in the event that the Litigation concludes before trial and no additional confidentiality order is entered governing the proceedings..

**M.     NO ADMISSION.**

A Party's compliance with this Order shall not operate as an admission or agreement by that Party:

that any Discovery Material is or is not confidential or privileged; or

that any Discovery Material is competent, relevant, or admissible in evidence.

**N.     NO APPLICATION IN COURT PROCEEDINGS.**

Except as otherwise provided herein, in the event that this case proceeds to trial, all of the Confidential and/or Attorneys' Eyes Only Discovery Materials produced in this action become public and presumptively will be available to all members of

1  the public, including the press, unless sufficient cause is shown in advance of trial

2  to proceed otherwise.

3  O.  <u>MODIFICATION.</u>  Any Party may move the Court to modify this Order.

4  **IT IS SO STIPULATED**.

5

6  DATED:  July 21, 2014        GOLDBERG, LOWENSTEIN & WEATHERWAX LLP

7

8  By: ___/s/ David W. Kesselman_____
              David W. Kesselman

9              Amy T. Brantly
              Trevor V. Stockinger

10              Koral E. Fusselman
       Attorneys for Plaintiff THE AMERICAN

11       INSTITUTE FOR INTRADERMAL COSMETICS,
       INC., dba PREMIER PRODUCTS and PREMIER

12       PIGMENTS

13

14

15  DATED:  July 21, 2014        GORDON & REES LLP

16

17  By: _____/s/ Timothy K. Branson_____
              Miles D. Scully

18              Timothy K. Branson
              Joni Borzcik

19       Attorneys for Defendants THE SOCIETY OF
       PERMANENT COSMETIC PROFESSIONALS;

20       PROGRAM COORDINATORS, LLC; KATHLEEN
       CIAMPI; DERMA INTERNATIONAL LLC;

21       ELIZABETH FINCH-HOWELL; LIZA SIMS; FACE
       AND BODY PROFESSIONALS, INC.; WAKEUP

22       WITH MAKEUP LLC; YOLANDA MOORE;
       MARJORIE GRIMM; ROSE ANN CLOUD; LEMOR

23       MICROPIGMENTATION INSTITUTE

24

25

26

27

28

- 15 -        CASE NO. 2:12-CV-06887 GAF (JCx)
AMENDED STIPULATED PROTECTIVE ORDER

1   DATED:  July 21, 2014          BREMER WHYTE BROWN & O'MEARA LLP

2

3                                  By:___/s/ Monique Donavan_____
                                        John H. Toohey
4                                       Monique Donavan
                                   Attorneys for Defendant FACE AND BODY
5                                  PROFESSIONALS, INC.

6

7   DATED:  July 21, 2014          LAW OFFICES OF ERIC D. ANDERSON

8

9                                  By:___/s/ Eric D. Anderson_____
                                        Eric D. Anderson
10                                  Attorneys for Defendant LASTING IMPRESSIONS I,
                                   INC.
11

12

13         **IT IS SO ORDERED.**

14

15   DATED:  August 4, 2014

16

17                                  _____/s/_____
                                   Hon. Jacqueline Chooljian
18                                 U.S. MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT A**

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

The undersigned has read the foregoing Amended Stipulated Protective Order entered by this Court in Case No. 2:12-CV-06887 GAF (JCx), understands its contents and hereby undertakes and agrees to comply with its terms including, without limitation, those terms regarding the use of any material designated "Confidential" or "Outside Attorneys' Eyes Only."

The undersigned agrees to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms and conditions of the Amended Stipulated Protective Order.

Dated: _____

Name (print): _____

Address:     _____

                  _____

                  _____

Signature: _____