LINK: 126

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-06887 GAF (JCx) | Date | November 14, 2014 |
|---|---|---|---|
| Title | The American Institute of Intradermal Cosmetics, Inc. v. Society of Permanent Cosmetic Professionals, et al. | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Stephen Montes Kerr | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:** (In Chambers)

## ORDER RE: MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

### I.
### INTRODUCTION & BACKGROUND

Defendants[1] are involved with permanent cosmetics services related to a specialized form of tattooing that uses colored pigments to apply "permanent make-up." (Docket No. 55 [Second Amended Compl. ("SAC")]. ) Plaintiff, American Institute of Intradermal Cosmetics, Inc. ("Plaintiff" or "AIIC") compete with members of the Society of Permanent Cosmetic Professional's ("SPCP"), a trade association similarly situated businesses. (Id. at 2.) In this case, AIIC brings antitrust claims against SPCP and its members who have allegedly conspired with each other to drive business from AIIC and to monopolize relevant markets connected with the tattoo industry. (See SAC.)

Plaintiff has filed a motion seeking to amend the scheduling order so that Plaintiff may file a Third Amended Complaint and add a Lanham Act claim against Defendants. (Docket No. 126 [Mem. to Amend ("Mem.")].) In the meantime, the Court has modified the scheduling order to allow the continuation of discovery. (Docket No. 148 [11/4/14 Order].) Thus, the motion is now limited to the issue of whether the Court should grant Plaintiff leave to file a Third Amended Complaint. (See Mem.; see also, Docket No. 126-2 [Declaration of David W.

---

[1] Defendants refers collectively to Society of Permanent Cosmetic Professionals, Kathleen Ciampi, Elizabeth Finch-Howell, Rose Ann Cloud, Marjorie Grimm, Liza Sims, Yolanda Moore, LeMor Micropigmentation Institute, Program Coordinators, Wake Up With Makeup, Derma International, Face and body Professionals, and Lasting Impression.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-06887 GAF (JCx) | Date | November 14, 2014 |
|---|---|---|---|
| Title | The American Institute of Intradermal Cosmetics, Inc. v. Society of Permanent Cosmetic Professionals, et al. | | |

Kesselman ("Kesselman Decl.")] at Ex. 2 [Third Amended Complaint ("TAC")].)

Because the Court concludes that Plaintiff has shown good cause, Plaintiff's Motion for Leave to File a Third Amended Complaint is **GRANTED** and the Third Amended Complaint attached to the Kesselman Declaration is **DEEMED FILED**. The Court sets forth its reasoning in detail below.

**II.
DISCUSSION**

A. LEGAL STANDARD FOR LEAVE TO AMEND

Federal Rule of Civil Procedure 15 permits a party to amend its pleading once "as a matter of course" within 21 days after serving it. Fed. R. Civ. P. 15(a)(1). Subsequently, a party may amend its pleading "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The Rule directs that the court "should freely give leave when justice so requires." Id. Circuit law teaches that this policy should be "applied with extreme liberality." Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990). Federal courts consider a non-exhaustive list of factors in determining whether to grant leave to amend, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Foman v. Davis, 371 U.S. 178, 182 (1962). In the Ninth Circuit, these factors are not weighed equally; the prejudice factor "carries the greatest weight." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003); DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186–87 (9th Cir. 1987). The party opposing amendment bears the burden of showing prejudice. Id. at 186. "Absent prejudice, or a strong showing of any of the remaining Foman factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." Eminence Capital, 316 F.3d at 1052.

B. APPLICATION

    1. DILIGENCE

Here, Plaintiff is not seeking to add any new parties, but to assert a new Lanham Act claim against Defendants already party to this suit. (Docket No. 138 [Plaintiff's Reply ("Reply")] at 4.) Plaintiff's motion is based in part on the discovery of insurance policies that cover the Lanham Act claim. Plaintiff argues that it has not been dilatory but rather that Plaintiff "is only in this

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-06887 GAF (JCx) | Date | November 14, 2014 |
|---|---|---|---|
| Title | The American Institute of Intradermal Cosmetics, Inc. v. Society of Permanent Cosmetic Professionals, et al. | | |

posture because Defendants did not produce their insurance policies at the outset of the litigation." (Mem. at 3.) Plaintiff argues that "[i]t was only upon receipt of [the] specific insurance policies," which have been produced on a rolling basis, "that Plaintiff could assess, with retained insurance coverage counsel, how to proceed with additional claims that would trigger coverage." (Reply at 1.)

Defendants argue that Plaintiff has been dilatory in seeking to amend because: (1) the original complaint was filed two years ago; (2) the scheduling order deadline to seek leave to amend was January 10, 2014; (3) at the June 20, 2014, conference to amend that scheduling order the Parties agreed to and the Court adopted "N/A" as the deadline for amending or adding Parties; (4) "[e]xpert reports have already been filed and Defendants have been preparing the case for trial on Section 1 of the Sherman Act and it is simply too late to allow Plaintiff to prosecute an entirely different case now[;]" and (5) the "'new' allegations were plead years ago in prior complaints against these same defendants" and "the operative facts for bringing the Lanham Act claim have existed and been within Plaintiff's knowledge since the outset of this litigation." (Docket No. 129 [Defendants' Opp. ("Opp.")] at 2, 6; See also, Docket No. 130 [Lasting Impression's Joinder and Opp. ("Joinder")] at 1, 3 (joining in Defendants' Opposition).)

Defendants' arguments are not persuasive. Defendants concede that they have been aware of the facts that would support the amended pleading, and the Court has granted the parties additional time to conduct discovery, which eliminates that as an issue. Moreover, Defendants have no one but themselves to blame for any delay in the production of insurance policies. It is noteworthy that, at the time of Plaintiff's motion, "[c]ertain Defendants [were] still refusing to produce responsive insurance policies . . . ." (Mem. at 3.) Thus, Defendants have, at the very least, contributed to the late nature of Plaintiff's request. (Id.) Plaintiff has not been dilatory and has shown good cause to amend the scheduling order to permit filing the Third Amended Complaint.

### 2. PREJUDICE

Plaintiff argues that Defendants will not suffer any prejudice if the Court grants its motion because "[t]he core conduct underlying the Lanham Act claim was already expressly alleged in the operative complaint." (Mem. at 3.) Defendants themselves admitted that the allegations "were plead years ago in prior complaints against these same defendants." (Opp. at 2.) Thus, Defendants own admission proves that the Lanham Act claim is no surprise.

**LINK: 126**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-06887 GAF (JCx) | Date | November 14, 2014 |
|---|---|---|---|
| Title | The American Institute of Intradermal Cosmetics, Inc. v. Society of Permanent Cosmetic Professionals, et al. | | |

    Moreover, Plaintiff argues that "the discovery relating to these two claims is virtually identical and is already in progress." (Reply at 2.) Initially, Defendants alleged they would suffer prejudice due to looming discovery deadlines. (See (Docket No. 129 [Defendants' Opp. ("Opp.")] at 7-8, 10.) However, as the Court has granted the Parties' stipulation to stay depositions and modify the scheduling order, additional discovery has been allowed past the original November discovery cutoff deadline. (See 11/4/14 Order.) Thus, the prejudice Defendants previously alleged regarding time for discovery has been alleviated by the Parties' agreement. Additionally, Defendants previously "served discovery related to the false advertising, trade disparagement and unfair competition underlying the existing Sherman Act claim, which is similarly covered by the proposed Lanham Act claim," and have recently propounded "contention interrogatories specifically seeking the factual and legal basis of Plaintiff's Lanham Act claims." (Reply at 2.)

    Thus, because the Lanham Act Plaintiff now seeks to add has a similar substantive and factual basis and is essentially seeking the same relief as Plaintiff's existing Sherman Act claim, Defendants are not likely to suffer prejudice if amendment is allowed.

    Accordingly, because the Court finds that Plaintiff has demonstrated good cause for amendment and that Defendants are not likely to suffer prejudice from such amendment, Plaintiff's motion is **GRANTED**.

### III.
### CONCLUSION

    Accordingly, Plaintiff's Motion for Leave to File a Third Amended Complaint is **GRANTED** and the Third Amended Complaint attached to the Kesselman Declaration is **DEEMED FILED**.
\
    **IT IS SO ORDERED**.